**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAH RA Y'HUDI-BEY, | ) | |
| | ) | No. 2:20-cv-01232-RJC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Robert J. Colville |
| | ) | |
| CITY OF NEW CASTLE, CHRIS FRYE, | ) | |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, TOM WOLF, COUNTY | ) | |
| OF LAWRENCE, PERRY QUAHLIERO, | ) | |
| JERRY CARTWRIGHT, RICHARD A. | ) | |
| RUSSO, JASON HILTON, BRYAN | ) | |
| COVERT, NEW CASTLE CITY POLICE | ) | |
| DEPARTMENT, ROBERT SALEM, | ) | |
| RICHARD A. CONTI, MARK A. MANOS, | ) | |
| JR., AMANDA VENTURA, UNION | ) | |
| TOWNSHIP POLICE DEPARTMENT, | ) | |
| RYAN KING, THOMAS M. WICKLINE, | ) | |
| AUDIE MERTZ, OFFICER MILLER, | ) | |
| OFFICER SIPE, and MARK JULIAN, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER OF COURT**

On October 27, 2020, this Court issued a Memorandum Order which: (1) denied the Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 7) filed by Plaintiff Sah Ra Y'Hudi-Bey ("Plaintiff"); and (2) afforded Plaintiff a final opportunity to submit a completed motion to proceed in forma pauperis or to pay the requisite filing fee. More specifically, this Court's October 27, 2020 Memorandum explained:

> Plaintiff's Motion to Proceed In Forma Pauperis is denied. To date, Plaintiff has not submitted a completed Application to Proceed in District Court Without Prepaying Fees or Costs or paid the requisite filing fee, and Plaintiff continues to challenge this Court's explicit holding that any amended pleading be accompanied by a completed application or the payment of the requisite filing fee. The Court will afford Plaintiff a final opportunity to submit a completed application or to pay the requisite filing fee. Plaintiff shall submit a completed Application to Proceed

1

in District Court Without Prepaying Fees or Costs or shall pay the requisite filing fee by November 17, 2020. Failure to adhere to this Court's directive may result in dismissal of Plaintiff's Amended Complaint under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with court orders. *See Arsad v. Gerula*, 366 F. App'x 323, 324 (3d Cir. 2010) (affirming dismissal of a complaint for failure to prosecute based upon a plaintiff's "continued refusal to either pay the filing fee or properly pursue in forma pauperis status . . . .").

Mem. Order 4, ECF No. 9 (footnote omitted). Plaintiff has taken no action in response to the clear directive of the Court's October 27, 2020 Memorandum Order, and this Court will thus dismiss his Amended Complaint (ECF No. 8) with prejudice for the reasons discussed below.

On August 31, 2020, this Court denied Plaintiff's initial Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) on the basis that the form submitted by Plaintiff failed in all respects to inform the Court of the assets that Plaintiff possesses such that he is unable to prepay filing fees or costs in this matter. Mem. Order 2, ECF No. 2. On September 16, 2020, Plaintiff filed an "Amendment" (ECF No. 3) and a "Memorandum in Error," which this Court construed as a Motion for Reconsideration (ECF No. 5). In a September 21, 2020 Memorandum Order, the Court denied Plaintiff's Motion for Reconsideration, which challenged, inter alia, the Court's August 31, 2020 Memorandum Order's holding which required that Plaintiff, should he choose to file an amended complaint, either submit a completed Application to Proceed in District Court Without Prepaying Fees or Costs for this Court's consideration, or otherwise pay the requisite filing fee at the time of filing such an amended complaint. Mem. Order 2-3, ECF No. 6. The Court also dismissed Plaintiff's "Amendment" without prejudice because it was not an amended complaint and because it was also violative of Local Rule 8. *Id.* at 3-4. The Court further permitted Plaintiff to file an amended complaint by no later than October 1, 2020, and held that any such filing must be accompanied by a completed Application to Proceed in District Court

Without Prepaying Fees or Costs[1] for this Court's consideration, or the payment of the requisite filing fee. *Id.* at 4.

Plaintiff filed his Amended Complaint and an Application to Proceed in District Court Without Prepaying Fees or Costs on September 30, 2020.  Rather than submitting a completed Application, Plaintiff again declined to answer question five, which requires the applicant to set forth: "[a]ny automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial  instrument or thing of value that [Plaintiff] own[s], including any item of value held in someone else's name . . . ."  Application 2, ECF No. 7.  In response to this question, Plaintiff responded: "4th amendment."  *Id*.  In its October 27, 2020 Memorandum Order, this Court, citing 28 U.S.C. § 1915(a)(1), explained that a court may only authorize the commencement of a civil action without prepayment of fees where the filing party submits an affidavit setting forth a statement of all assets that the filing party possesses such that the individual is unable to pay the requisite fees.  Mem. Order 2, ECF No. 9.  The Court construed Plaintiff's Application as a Motion to Proceed In Forma Pauperis, and denied the Motion because it failed to inform the Court of the assets that Plaintiff possesses such that he is unable to pay filing fees or costs in this matter.[2]  *Id.* at 4.  As noted above, the Court's October 27, 2020 Memorandum Order provided Plaintiff with a final opportunity to submit a completed Application to Proceed in District Court Without Prepaying Fees or Costs, or another form of affidavit pursuant to 28 U.S.C. § 1915(a)(1), or to pay the requisite filing fee by November 17, 2020, and explained that "[f]ailure to adhere to this Court's

---

[1] Or another form of affidavit pursuant to 28 U.S.C. § 1915(a)(1) setting forth a statement of all assets Plaintiff possesses such that the Plaintiff is unable to pay the requisite fees.
[2] The Court also declined Plaintiff's offer to pay the filing fee with "One-Troy Oz .999-Fine silver-coin," and further rejected his baseless contention that such a refusal somehow discharged the requirement that Plaintiff pay a filing fee. Mem. Order 3, ECF No. 9.

directive may result in dismissal of Plaintiff's Amended Complaint under Fed. R. Civ. P. 41(b)." *Id.* at 4.

"A district court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Jones v. New Jersey Bar Ass'n*, 242 F. App'x 793, 793 (3d Cir. 2007). The United States Court of Appeals for the Third Circuit has explained:

> Ordinarily, when a court is determining sua sponte or upon motion of a defendant whether to dismiss because of a plaintiff's failure to prosecute, and the plaintiff is opposing the motion, the court must consider several factors in reaching its decision: (1) the extent of the party's personal responsibility; (2) the prejudice to the opponent; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the meritoriousness of the claim or the defense.

*Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir. 1994) (citing *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984)). "When a litigant's conduct makes adjudication of the case impossible, however, such balancing under *Poulis* is unnecessary." *Jones*, 242 F. App'x at 794 (citing *Guyer v. Beard*, 907 F.2d 1424, 1429–30 (3d Cir.1990); *Spain*, 26 F.3d at 454–55). In *Jones*, the Third Circuit affirmed dismissal of an action with prejudice where it found that a litigant's conduct made adjudication of the action impossible. *Id.*

The Court finds that Plaintiff's conduct in the instant case makes adjudication of this action impossible. Plaintiff has repeatedly refused to pay the filing fee required to commence an action in this District, and has further failed to file an appropriate affidavit under 28 U.S.C. § 1915(a)(1) such that this Court could potentially grant Plaintiff in forma pauperis status. Plaintiff has willfully and consistently disregarded this Court's express directives and holdings in its three previous Memorandum Orders. As a result, the present action simply cannot proceed because Plaintiff has not paid the requisite filing fee and cannot be granted in forma pauperis status due to the

inadequacy of his requests for the same to date. As such, this Court is within its discretion to dismiss this matter without consideration of the *Poulis* factors.

Even if this Court were to consider the *Poulis* factors, the Court would find that these factors clearly weigh in favor of dismissal. The Third Circuit has explained:

> In balancing the *Poulis* factors, we do not have a "magic formula" or "mechanical calculation" to determine whether a District Court abused its discretion in dismissing a plaintiff's case. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992). While "no single *Poulis* factor is dispositive," [*Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir.2003)], we have also made it clear that "not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek*, 964 F.2d at 1373.

*Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).

Plaintiff is clearly responsible for his continued failure to either pay the requisite filing fee or to submit an appropriate affidavit under 28 U.S.C. § 1915(a)(1). Plaintiff has been instructed that his previous submissions were improper, and has continually disregarded and challenged the express holdings of this Court's previous Memorandum Orders in filing submissions which fail to address the deficiencies cited in the Court's Orders. While the Court finds that the factors of prejudice to Defendants and history of dilatoriness do not weigh in favor of dismissal, the Court finds that Plaintiff's conduct is clearly willful and motivated by bad faith, and that this factor weighs heavily in favor of dismissal. This Court has repeatedly informed Plaintiff of the deficiencies of his previous submissions, and Plaintiff has consistently disregarded and challenged this Court's express directives and holdings as opposed to addressing and attempting to cure such deficiencies. *See Arsad v. Gerula*, 366 F. App'x 323, 324–25 (3d Cir. 2010) (in an action where the district court dismissed a case based upon the plaintiff's "continued refusal to either pay the filing fee or properly pursue in forma pauperis status," the Third Circuit affirmed the district court's determination and explained that "[w]e do not hesitate to conclude that [plaintiff's] conduct amounts to a willful failure to respond to the orders issued by the District Court, and 'evidences

an intent to flout the District Court's instructions' on proper compliance with the provisions of 28 U.S.C. § 1915." (quoting *Redmond v. Gill*, 352 F.3d 801, 803 (3d Cir.2003))).  Further, the Court cannot conclude that any sanction other than dismissal is appropriate given that Plaintiff's willful conduct in flouting the Federal Rules of Civil Procedure and this Court's Orders has prevented this action from even proceeding past the improper filing of Plaintiff's Complaints in this action.

The Court also finds that the "meritoriousness of the claim" factor also weighs in favor of dismissal in this matter.  For purposes of a Fed. R. Civ. P. 41(b) analysis, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869–70 (3d Cir. 1984).  As currently pled, Plaintiff's Amended Complaint asserts thirty-three counts which seek relief under various provisions of the federal criminal code and various declarations under which no private right of action exists. *See Winston v. Daniels*, No. 1:10-CV-74-SJM, 2011 WL 2680282, at *16 (W.D. Pa. July 8, 2011) ("Nor do the various provisions of the federal criminal code cited by Winston grant him the authority to enforce those provisions himself."); *see also United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) ("This argument lacks merit because the Universal Declaration of Human Rights is a non-binding declaration that provides no private rights of action." (citing *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734, 124 S.Ct. 2739, 159 L.Ed.2d 718 (2004)).  As such, the Court finds that Plaintiff's Amended Complaint, as currently pled, fails to set forth a meritorious claim.

Moreover, Plaintiff's Amended Complaint also clearly violates Fed. R. Civ. P. 20, as it asserts claims arising from two separate, apparently unrelated incidents which occurred approximately one year apart. *See Atwater v. Gabriel*, No. 1:11-CV-2043, 2012 WL 760740, at *2 (M.D. Pa. Mar. 7, 2012) ("But that does not end the analysis, because the amended complaint

conflates two entirely different and unrelated incidents, involving different correctional officers, which occurred some 18 months apart.  Atwater's efforts to join these wholly unrelated matters in a single amended complaint plainly violate the rules governing joinder of claims in civil litigation set forth in F.R.C.P. 20.  Notably, pursuant to Rule 20, multiple defendants may be joined in an action if the right to relief asserted against them arises out of the same transaction, occurrence, or series of transactions or occurrences. F.R.C.P. 20(a).").  Plaintiff seemingly acknowledges the same by labeling the separate incidents as "Incident 1," Am. Compl. 24, ECF No. 8, and "Incident #2," *id.* at 34, and by numbering his claims beginning at "Count 1" or "Count #1" for each of these separate incidents.

Because Plaintiff's conduct in the instant case makes adjudication of this action impossible, this Court is within its discretion to dismiss this matter without a balancing of the *Poulis* factors. *Jones*, 242 F. App'x at 794.  Further, the Court finds that four of the *Poulis* factors weigh in favor of dismissal, and that the factors of Plaintiff's personal responsibility and whether Plaintiff's conduct was willful or in bad faith weigh heavily in favor of dismissal.  As such, even if this Court had relied on a balancing of the *Poulis* factors in determining whether dismissal was appropriate, the Court would find that dismissal of Plaintiff's Amended Complaint is clearly appropriate.  Accordingly, for the reasons discussed above, it is hereby ORDERED that Plaintiff's Amended Complaint (ECF No. 8) is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with court orders.  The Clerk of Courts shall mark this case as CLOSED.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: November 24, 2020

cc/ecf: Sah Ra Y'Hudi-Bey
          P.O. BOX 1588
          Shackamaxon Territory, PA 16101